**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD K. MATHISON, | 3:09-CV-00277-ECR(RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| STEPHANIE HUMPHREY, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant Humphrey's Motion to Dismiss. (Doc. #14.)[1] Plaintiff has opposed (Doc. #16, #17) and Defendant has replied (Doc. #18). After a thorough review, the court recommends that the motion be granted.

**I. BACKGROUND**

At all relevant times, Plaintiff Ronald K. Mathison was in the custody of the Nevada Department of Corrections (NDOC) as an inmate at Warm Springs Correctional Center (WSCC). (Pl.'s Compl. 1 (Doc. #4).) Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. Defendant Humphrey is Warden of WSCC. (*Id*. at 2.)

///

---

[1] Refers to court's docket number.

Defendant has moved to dismiss Plaintiff's remaining two claims[2]. In Count II, Plaintiff claims that Defendant acted with deliberate indifference to his well-being, in violation of the Eighth Amendment, by exposing Plaintiff to asbestos during his ten years of incarceration at the Northern Nevada Correctional Center. (Pl.'s Compl. 5.) Plaintiff also claims that asbestos is currently being removed, that Defendant should have informed all prior inhabitants of the housing units involved of their exposure to asbestos, and that Defendant should provide appropriate medical treatment to those inmates exposed. (*Id.*)

In Count III, Plaintiff alleges that Defendant acted with deliberate indifference to his safety, in violation of the Eighth Amendment, because Plaintiff's classification level has been changed from a minimum to medium level. (*Id.* at 6.) Plaintiff claims that this change in classification was for administrative convenience and through no fault of his own. (*Id.*) Plaintiff contends he is now housed with much more dangerous offenders, and that he is exposed to lockdowns and gunshots that would not be possible in minimum security. (*Id.*)

Defendant moves to dismiss because Plaintiff has failed to exhaust the available administrative remedies. (Def.'s Mot. to Dismiss 2 (Doc. #14).)

## II. ADMINISTRATIVE EXHAUSTION

### A. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford*

---

[2] Count I was previously dismissed without prejudice. (Screening Order 4 (Doc. #3).)

*v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation 740 (AR 740). The administrative process consists of: (1) an Informal Level grievance that is reviewed and responded to by an inmate caseworker; (2) a First Level formal written grievance appealing the informal grievance decision to the warden at the institution where the inmate is housed; and (3) a Second Level grievance appealing the First Level grievance decision, which

is decided by the Assistant Director of Operations. (Def.'s Mot. to Dismiss, Ex. A. at 15-20.) If an inmate disagrees with the response to any grievance, he may appeal the grievance to the next available level within the prescribed deadlines. (*Id.*)

**B.    DISCUSSION**

Defendant argues that Plaintiff has failed to exhaust his administrative remedies with respect to all claims. (Def.'s Mot. to Dismiss 2-3.) Defendant asserts that Plaintiff concedes that he has not exhausted his administrative remedies, warranting dismissal. (Def.'s Reply 2 (Doc. #18).)

Plaintiff contends that special circumstances exist that should excuse his failure to exhaust administrative remedies before filing the instant action. (Pl.'s Opp.'n 3 (Doc. #17).) Specifically, Plaintiff asserts that "the asbestos issue is unique and non-grievable." (*Id.*) Plaintiff further contends that the asbestos issue is exclusively a civil rights violation and is "a federal law or right which is not grievable as stated in the grievance form." (Pl.'s Res. to Def.'s Mot. to Dismiss 2 (Doc. #16).) Plaintiff does not offer reasons for failing to file a grievance for his third claim.

Plaintiff's claim that the grievance form allows him to avoid the Inmate Grievance Procedure is without merit. Under AR 740.02 Section 1.2.1, issues relating to the conditions of institutional life shall first be exhausted through the Inmate Grievance Procedure. (Def.'s Mot. to Dismiss, Ex. A. at 14.) Also, under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(emphasis added). Both of Plaintiff's claims relate to the conditions of his confinement and, thus, are issues to be resolved by the grievance process before commencing an action in federal court.

A prisoner's failure to exhaust may be excused if he can demonstrate that the grievance process is unavailable to him because: (1) administrative procedures are unavailable (for example, if he is unable to obtain the requisite forms or if his injuries prevent him from

4

submitting the forms in a timely manner); (2) prison officials obstructed his attempt to exhaust; or (3) prison officials failed to follow procedures for processing grievances. *Marella v. Terhune*, 562 F.3d 983, 985 (9th Cir. 2009), *amended by*, 568 F.3d 1024 (9th Cir. 2009); *see Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008).

Plaintiff failed to complete the grievance process for either of his two surviving claims prior to filing this action. Plaintiff's grievances that have been addressed at all levels of review relate only to his first claim, which has been previously dismissed. Thus, Plaintiff did not exhaust his administrative remedies before filing suit in this court. Moreover, Plaintiff has not alleged that the grievance process was unavailable to him based on his inability to access forms or obstruction by prison officials. Therefore, Plaintiff has failed to show that circumstances exist excusing his failure to exhaust administrative remedies prior to filing suit.

**C.     PERSONS AMENABLE TO SUIT UNDER 42 U.S.C. § 1983**

Although not raised by Defendants, the court notes that Plaintiff is commencing an action against Defendant Humphrey, for damages, in her official capacity only. (Pl.'s Compl. 2, 9.) A state official sued in his or her official capacity for damages is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The court, *sua sponte,* recommends that Defendant Humphrey be dismissed in her official capacity because Plaintiff asserts causes of action against her seeking only monetary relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendant Humphrey's Motion to Dismiss (Doc. #14) without prejudice.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DISMISSING** Defendant Humphrey in her official capacity without prejudice.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING AS MOOT** Plaintiff's Motion for Summary Judgment (Doc. #22) and Motion to Supplement (Doc. #26).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 25, 2010.

_____
UNITED STATES MAGISTRATE JUDGE